

**SIGNED THIS 17th day of August, 2022**

/s/ Rebecca B. Connelly
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## Lynchburg Division

| | | |
|---|---|---|
| IN RE: | STERLING GRAY, JR. | Chapter 13 |
| | Debtor | Case No.: 19-50398 |

### CONSENT ORDER [Check all that apply:]

- ☐ AMENDING PLAN TO EXTEND PLAN PAYMENTS
- ■ AMENDING PLAN TO ALTER PLAN PAYMENTS
- ☐ CLARIFYING PLAN TERMS
- ■ RESOLVING TRUSTEE'S MOTION TO DISMISS

1. The parties have reached an agreed resolution of the pending Trustee's Motion to Dismiss as detailed herein.

2. It appears to the Court that:

   A. The Debtor filed this bankruptcy case on May 6, 2019.

   B. The Debtors' Chapter 13 Plan was last confirmed on August 6, 2020 ("the most recently confirmed Plan").

   C. Due to changed circumstances, the Debtor has proposed an extension of plan payments, an increase in the amount of the monthly plan payments, or a

clarification of Plan terms that will allow them to successfully complete his Plan.  The specific reason for these changes is: *[Check and complete either sub-paragraph 1. or 2., or both, whichever applies]*:

■    1.    To cure a default in Plan payments and resolve a Trustee's Motion to Dismiss.

☐    2.    Other: _____

D. After reviewing the proposed changes, the Chapter 13 Trustee has advised the Court that these changes will have at most a de minimis impact on creditors receiving distributions under the Plan, and will not result in a reduction in the total amount to be paid to any allowed unsecured claim under the Plan.  "De minimis impact" means either that (i) the Plan has been extended by three months or less and the total amount being paid to each allowed unsecured claim has remained the same or increased slightly, or (ii) the Plan has been extended by six months or less and the total amount being paid to each allowed unsecured claim has been increased by at least five per cent.

E.  The Trustee has recommended that the Court approve such changes without notice to creditors.

3.    Upon consideration of the facts presented in the Debtor's or the Trustee's motion, it is hereby Ordered that the Debtor's Chapter 13 plan payment schedule is changed as follows:  [Check and complete either paragraph A. or B., whichever applies.]

■    A.  **Length of plan remains the same and the total amount of plan payments does not decrease:**

(1)    According to the Trustee's Receipt records, the Trustee has received $**20,240.50** from the Debtor as of **July 18, 2022**.
(2)    The total amount of Plan payments due under the most recently entered order resolving was $ **63,072.00**. The new total of Plan payments will remain the same.
(3)    Plan payments will be **$911.00 per month** beginning **August 30, 2022**, for the remaining **47** months of the most recently entered order resolving until (i) the total of plan payments set forth above is received, or (ii) all claims are paid 100%, whichever occurs first.

☐    B.  Length of plan is being changed and/or the total amount of plan payments is being changed:

    (1) According to the Trustee's Receipt records, the Trustee has received $ _____ from the Debtor as of _____ \_\_\_, 20\_\_\_.

    (2) The total amount of Plan payments due under the most recently confirmed Plan was $ _____. The new total of Plan payments will be $ _____.

    (3) The total number of Plan payments under the most recently confirmed plan was \_\_\_\_ months. The total number of Plan payments after this change will be \_\_\_\_ months.

    (4) Plan payments will be $_____ per _____ beginning _____ \_\_\_\_, 20 \_\_\_, for \_\_\_\_\_ months until (i) the new total of plan payments set forth above is received, or (ii) all claims are paid 100%, whichever occurs first.

  C. [If applicable:] The following provisions of the most recently confirmed Plan are clarified as follows: _____
_____.

  D. If this Order is being filed in response to the Trustee's motion to dismiss the case because of a default in Plan payments, then:

  1. If the Trustee fails to receive any payment set forth above within thirty days of its due date, the Trustee may certify to the Court that the Debtor is in default in plan payments and send notice of the certification to the Debtor and their counsel.

  2. If the Debtor fails within 21 days from the date of the Trustee's certification to either (i) cure the default, or (ii) file with the Court and with the Trustee a written response and a request for a hearing, then the Debtor's case may be dismissed by the Court without further notice or hearing.

  E. Counsel for Debtor shall:

  1. Serve this Order upon the Debtor; and

  2. If the Debtor's Plan payments are being made by automatic wage deduction from an employer and this Order changes the payment amount or duration of the existing wage deduction Order, file with the Court an amended wage deduction Order within fourteen days.

By endorsement of this order, Debtor(s)' counsel certifies that the specific terms of this order have been reviewed either by personal contact, by telephone, or by electronic communication with the debtor(s), and that the debtor(s) have indicated that they understand the terms of this order.

***END OF ORDER***

We ask for this:

/s/Sterling Gray, Jr.
 Sterling Gray, Jr.


/s/WIlliam Harville
William Harville
327 W, Main Street, #3
Charlottesville, VA  22093
tel: 434-483-5700; fax: 434-448-0800
william@vabklaw.com
Counsel for Debtor

Seen and not objected to:

/s/ Herbert Beskin
Herbert Beskin, Chapter 13 Trustee
P. O. Box 2103. Charlottesville VA  22902
(434) 817-9913; fax # 817-9916